IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-43,199-07






EX PARTE EUGENE IVORY HENTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0542298AR IN THE CRIMINAL DISTRICT COURT


NUMBER THREE FROM TARRANT COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver a controlled substance, namely: cocaine, and was sentenced to forty-two years'
imprisonment. His appeal was affirmed by the Second Court of Appeals. Henton v. State, No. 02-95-170-CR (Tex. App.-Ft. Worth, delivered August 18, 1996, pet. ref'd).

 Applicant contends that his punishment is illegal due to a void conviction used to enhance
his punishment. 

 Applicant was indicted for possession with intent to deliver cocaine. The indictment listed
four previous convictions that were available for enhancement purposes: a robbery conviction, a
possession with intent to deliver cocaine conviction, a sexual assault conviction, and a burglary of
a building conviction. The robbery and possession with intent to deliver convictions were alleged
for the first enhancement and the sexual assault conviction and the burglary of a building conviction
were alleged as the habitual enhancement. Due to the dates these convictions became final, only one
of the first two and one of the second two could have been used as habitual punishment
enhancements. The prosecution decided to go forward with the robbery conviction and the sexual
assault conviction as the habitual enhancement paragraphs. The burglary of a building conviction
was introduced solely as a prior felony at the punishment hearing. Applicant stood mute on the
enhancement counts. The jury at punishment found the robbery and sexual assault convictions to
be true and sentenced Applicant to forty-two years' imprisonment.

 After his conviction in the instant case, Applicant successfully challenged the sexual assault
conviction based on actual innocence. This Court vacated his sexual assault conviction. Ex Parte
Henton, AP-75,344 (Tex. Crim. App., delivered February 15, 2006).

 Applicant was subjected to the habitual range of punishment. Even without the sexual
assault conviction, Applicant could have been subjected to the same range of punishment due to his
other conviction for burglary of a building. The use of the sexual assault conviction was harmless
error as to the range of punishment. However, the prosecution in Applicant's punishment hearing
argued he deserved a harsher punishment due to his violent past offenses, including sexual assault. 
The trial court conducted an appellate harm analysis under Harris v. State, 790 S.W.2d 568 (Tex.
Crim. App. 1989), finding that due to the nature of the void offense, the extent the error was
emphasized by the State, and how much weight the jurors would place on the error, it could not find
the error harmless beyond a reasonable doubt. 

 The trial court did not apply the proper harm analysis for a collateral attack. In an application
for writ of habeas corpus, the proper standard places the burden on the Applicant to show the error
harmed him and contributed to his conviction or punishment by a preponderance of the evidence. 
Ex Parte Fierro, 934 S.W.2d 370, 375 (Tex. Crim. App. 1996).

 We therefore remand to the trial court for a new harm analysis. This application will be held
in abeyance until the trial court has conducted a new harm analysis. The issues shall be resolved
within 90 days of this order. If any continuances are granted, a copy of the order granting the
continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along
with the trial court's supplemental findings of fact and conclusions of law, shall be returned to this
Court within 120 days of the date of this order. Any extensions of time shall be obtained from this
Court. 



Delivered: February 7, 2007

Do Not Publish